IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER P. WASKIEWICZ,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 10-5498 |
| | : | |
| **PPL SERVICES, INC.,** | : | |
| Defendant. | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                          January 19, 2012

Peter Waskiewicz, Plaintiff, alleges that PPL Services, Inc. ("PPL"), Defendant, violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 *et seq.* PPL now seeks summary judgment.[1] For the reasons set forth below, I will grant the motion for summary judgment.

## I.     BACKGROUND[2]

Waskiewicz was hired by PPL in 1980 as a computer system hardware analyst at the nuclear power plant in Berwick, Pennsylvania. (Doc. No. 26, ¶ 1.) During the time Waskiewicz worked as an analyst at the Berwick Plant, PPL provided him opportunities

---

[1] Defendants also seek summary judgment on plaintiff's claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et. seq.* However, in light of plaintiff's voluntary withdrawal of all age discrimination claims, this Court dismissed Count II of the Plaintiff's Amended Complaint and Count III insofar as it alleged age discrimination in the Order dated January 24, 2011. (Doc. No. 15.)

[2] Under Rule 56 of the Federal Rules of Civil Procedure, the court must draw "all justifiable inferences" in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Defendant submitted its statement of undisputed facts. (Doc. No. 26.) Where plaintiff has admitted those facts in his response (Doc. No. 30), the facts are taken from the Defendant's statement of undisputed facts. I have also considered the Plaintiff's statement of disputed and undisputed material facts (Doc. No. 30) and reference Plaintiff's facts where he accurately cites to the record. Because Plaintiff's claim is statutorily time-barred, I will focus my examination of the record on the dates and facts relevant to the statutory period at issue.

to work at home for personal or medical reasons. (Id. at ¶ 2.) Waskiewicz worked at the Berwick Plant for approximately twenty years before transferring to work as a technologist in the IT department in the main office of PPL located in Allentown, Pennsylvania. (Id. at ¶¶ 5, 7.)

Waskiewicz was diagnosed with a herniated disc at T7 and a herniated disc above C5 in 2006. (Id. at ¶ 24.) From the time of his transfer to Allentown until 2006, Waskiewicz repeatedly requested permission to work from home with regard to issues of pain in his back. (Id. at ¶ 26.) Each time Waskiewicz requested medical leave, PPL granted his request. (Id. at ¶¶ 29, 31.) On September 7, 2006, Waskiewicz underwent fusion surgery at Pennsylvania Hospital in Philadelphia. (Id. at ¶ 32.) PPL approved Waskiewicz's time off for the surgery and he was provided an additional week after the surgery to recuperate. (Id. at ¶ 33.) He was not subject to any adverse reactions from PPL for requesting the time off for the fusion surgery. (Id. at ¶ 34.)

PPL provided Waskiewicz with the opportunity to work from home while he recuperated. (Id. at ¶ 35.) Waskiewicz was permitted to return to work on a part-time basis on November 27, 2006, subject to several restrictions by his doctor. (Id. at ¶ 39.) He was subject to several restrictions when he returned to work and was only allowed to stand and sit several hours per day. (Id. at ¶ 40.) He was not allowed to squat, climb, or kneel, and was only allowed to drive based on his current pain levels. (Id.) To accommodate Waskiewicz, PPL allowed him to work at home on a part-time basis. (Id. at ¶ 41.)

PPL had a policy, of which Waskiewicz was aware, that stated, in pertinent part, that "telecommuting should encompass no more than 60% of an employee's normal work week" and that a telecommuting employee "must adjust [his] telecommuting schedule as required to attend company meetings, on-site training and work assignments at other company locations." (Id. at ¶ 42.) Despite this policy, PPL permitted Waskiewicz to work at home, part-time, during the entire work week for a period of time prior to November 27, 2006. (Id. at ¶ 43.) Waskiewicz's initial restrictions were from November 2006 to January 2007 but were subsequently extended to April 1, 2007. (Id. at ¶ 45.) PPL continued to accommodate Waskiewicz's restrictions during this time and he did not receive any negative reaction or consequences from PPL for working from home during this time under these restrictions. (Id. at ¶ 46.)

Waskiewicz's physician subsequently extended his restrictions from April 1, 2007 to July 1, 2007. (Id. at ¶ 47.) These restrictions included prohibition of driving in excess of thirty minutes. (Id.) In July of 2007, Waskiewicz underwent lumbar laminectomy in an effort to alleviate his symptoms of pain. (Id. at ¶ 48.) As a result of that procedure, Waskiewicz provided PPL with new restrictions which allowed him to stand, sit, or walk one hour per day and perform repetitive motions two hours per day. (Id. at ¶ 49.) Furthermore, Waskiewicz was only permitted to travel thirty miles or less. (Id.) Waskiewicz resides in Bear Creek, Luzerne County, Pennsylvania and lives over 62 miles away from PPL's headquarters in Allentown. (Id. at ¶ 50.) It takes approximately one hour and nine minutes to drive from Waskiewicz's residence to PPL's headquarters in Allentown. (Id.)

In August 2007, Waskiewicz received a phone call from two PPL employees, Richard Cogan and Bruce Cantor, in which Cogan insisted that Waskiewicz immediately stop working from home for PPL.  (Doc. No. 30, ¶ 52.)  In December 2007, Waskiewicz provided PPL with another return to work form completed by his physician.  (Doc. No. 26, ¶ 53.)  Pursuant to the December 2007 form, Waskiewicz was permitted to stand, sit and walk several hours a day, however, he was still restricted in his ability to drive over thirty miles.  (Id.)  The foregoing restrictions were extended for the subsequent one-year period, or until December of 2008.  (Id.)

Subsequent to providing PPL with his new restrictions, Waskiewicz requested that he be permitted to work from home on a permanent basis and made this request to the department head, Richard Cogan.  (Id. at ¶ 54.)   This request was made in early January, 2008. (Id.)  According to Waskiewicz, Cogan informed him that he was not permitted to work from home on a permanent basis because he was required to be in the Allentown location to perform his job duties.  (Id. at ¶ 55.)  On January 18, 2008, Cogan emailed Waskiewicz and informed him that based upon Waskiewicz's inability to drive over thirty miles, he could not report to the Allentown Location, and conversely, could not perform the essential functions of his position.  (Id. at ¶ 56.)  Waskiewicz knew as of January 18, 2008, that PPL had denied him his requested accommodation.  (Doc. No. 27-4, Exh. A[3], Part 3, 168-69, 173.)

On January 18, 2008, Waskiewicz was informed that, based upon his inability to perform his duties at the Allentown Location, he was to remain off work on Short Term

---

[3] Deposition transcript of Waskiewicz.

Disability.  (Doc. No. 26, ¶ 70.)  Waskiewicz was also informed that his effective date for Long-Term Disability Benefits would be February 7, 2008.  (Id. at ¶ 71.)  On October 31, 2008, Waskiewicz was informed by letter that his application for long-term disability benefits was denied by CIGNA, PPL's insurance carrier. (Id. at ¶ 72.)  Plaintiff's appeal for long-term disability benefits was denied on April 24, 2009.  (Id. at ¶ 74.)  On May 1, 2009, Waskiewicz was informed that if PPL did not receive a request to return to work within thirty days, his employment would be terminated effective June 1, 2009.  (Id. at ¶ 75)  On or about May 18, 2009, as Plaintiff was unable to return to work, he submitted a retirement request form to PPL.  (Id. at ¶ 76.)  Plaintiff's request to retire was confirmed by PPL on May 20, 2009.  (Id. at ¶ 77.)

Waskiewicz filed a Charge of Discrimination with the Equal Employment Opportunity Commission on August 6, 2009.  (Id. at ¶ 82.)  The Charge was executed by Waskiewicz on or about July 30, 2009.  (Id. at ¶ 83.)

II.   **STANDARD OF REVIEW**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party.  Id.

A party moving for summary judgment always bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing relevant portions of the record, including depositions, documents, affidavits, or declarations, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.  FED. R. CIV. P. 56(c).  Summary judgment is therefore appropriate when the non-moving party fails to rebut the moving party's argument that there is no genuine issue of fact by pointing to evidence that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322; Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992).

Under Rule 56 of the Federal Rules of Civil Procedure, the court must draw "all justifiable inferences" in favor of the non-moving party. Anderson, 477 U.S. at 255.  The court must decide "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Id. at 252.  The nonmoving party cannot avert summary judgment with speculation or conclusory allegations, such as those found in the pleadings, but rather, must present clear evidence from which a jury can reasonably find in its favor. Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999).   Finally, in reviewing a motion for summary judgment, the Court does not make credibility

determinations and must view facts and inferences in the light most favorable to the party opposing the motion. Siegel Transfer v. Carrier Express, 54 F.3d 1125, 1127 (3d. Cir. 1995).

### III. DISCUSSION

A plaintiff must exhaust his administrative remedies prior to filing a cause of action under the ADA or PHRA. Jacoby v. Bethlehem Suburban Motor Sales, 2011 WL 1884015, *2 (E.D. Pa. May 17, 2011). The timely filing of an EEOC charge is a prerequisite to a civil suit for employment discrimination. See West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995). A litigant who wishes to bring a civil suit must first file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act. 42 U.S.C. § 20003-5(e).[4] The Supreme Court has stated that "discrete discriminatory acts," such as "termination, failure to promote, denial or transfer, or refusal to hire," are not actionable if time-barred, even if they are related to acts in timely-filed charges. See Sessa v. Sears Roebuck & Co., Inc., 2004 WL 2203743, *3 (E.D. Pa. Sept. 30, 2004) (citing AMTRAK v. Morgan, 536 U.S. 101, 114 (2002)). This principle extends to a denial or refusal of an accommodation which is a discrete act. Id. Accordingly, an employer's rejection of an employee's proposed accommodation is the type of discrete act that must be the subject of a complaint to the EEOC within the statutory period. Id. (citing Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 134-35 (2d Cir. 2003)).

---

[4] Pennsylvania is a deferral state, extending the time for filing a Charge with the EEOC from 180 days as prescribed by statute to 300 days. See Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1413-15 (3d Cir. 1991).

Waskiewicz alleges causes of action under the ADA and PHRA arising out of his employment with PPL.  Waskiewicz filed his charge with the EEOC on August 6, 2009.  Therefore, three hundred days prior to the filing date of August 6, 2009 is October 9, 2008.  Accordingly, any claims of discrimination that occurred prior to October 9, 2008 are administratively barred.

Waskiewicz claims that PPL failed to provide him with an accommodation, specifically his request to work from home, on January 15, 2008.  Waskiewicz was aware of PPL's decision to deny his requested accommodation as of January 18, 2008, approximately 569 days prior to when Waskiewicz filed his charge with the EEOC.  Waskiewicz failed to timely file his Charge with the EEOC and his claims for failure to accommodate under the ADA and PHRA are administratively barred because he filed his charge approximately 269 days after the statutory period elapsed under 42 U.S.C. § 20003-5(e).

In opposition to PPL's motion for summary judgment, Waskiewicz asserts two reasons why he has exhausted his administrative remedies with the EEOC and his Complaint is not time-barred.  First, Waskiewicz cites the Order of this Court (Doc. No. 15) that determined that his claims were not-time barred for purposes of a motion to dismiss, and argues that PPL is now precluded from raising such arguments on summary judgment.  The distinctions between a motion to dismiss and a motion for summary judgment are well-established.  See Schneyder v. Smith, 709 F. Supp. 2d 368, 384 (E.D. Pa. 2010).  "Legally relevant factors . . . will be different on summary judgment than on an earlier motion to dismiss.  [At the motion to dismiss stage] it is the defendant's

conduct as alleged in the complaint that is scrutinized for objective legal reasonableness. On summary judgment, however, the plaintiff can no longer rest on the pleadings . . . and the Court looks to the evidence before it . . ." Behrens v. Pelletier, 516 U.S. 299, 309 (1996). I denied PPL's motion to dismiss Plaintiff's Amended Complaint because Waskiewicz alleged, in his EEOC Complaint, that he suffered adverse employment action on or about May 6, 2009, the date upon which he received a letter from PPL "stating for me to return to work or be terminated." However, on summary judgment, Waskiewicz has the burden of citing relevant portions of the record, including depositions, documents, affidavits, or declarations, to establish the presence of a genuine dispute, rather than merely relying on allegations in his Complaint. Waskiewicz may not rely on the Court's Order denying PPL's motion to dismiss as "the law of the case" because the standards justifying the Court's ruling on the motion to dismiss are vastly different from the standards at the summary judgment stage.

Second, Waskiewicz contends that PPL's continued refusal to allow him to work from home up until the time of his voluntary retirement constitutes a continuing violation. The continuing violation theory permits a plaintiff to pursue a claim for discrimination for acts that occurred prior to the filing period if he can show that discriminatory acts are part of a continuing pattern or practice of discrimination. Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001). To determine whether plaintiff has established a claim under the continuing violation theory, the Court must consider: (1) whether the violations constitute the same type of discrimination; (2) the frequency of the alleged discriminatory acts; and (3) the degree of permanence. Rush v. Scott Specialty Gases, Inc., 113 F.3d

476, 481-82 (3d Cir. 1997). Here, the undisputed material facts establish that Waskiewicz did not request any additional accommodations subsequent to PPL's denial of his request to work from home on a permanent basis on January 18, 2008. Waskiewicz argues that May 6, 2009, constitutes the last alleged unlawful employment practice because he received a letter from PPL "stating for me to return to work or be terminated" on that date.

However, "[w]here a termination was merely a subsequent effect of an alleged earlier discriminatory action, it does not extend the limitations period." Sessa, 2004 WL 2203743 at *3; Fralin v. C & D Security, Inc., 2007 WL 1576464, *3 (E.D. Pa. May 30, 2007). In Fralin, the plaintiff filed her charge with the EEOC 302 days after the defendant denied her request for an accommodation, but less than 300 days after her termination. The Court dismissed the plaintiff's claims and found they were time barred because her termination was a subsequent effect of the denial of her ADA accommodation. Id. Here, like the plaintiff in Fralin, Waskiewicz's claimed forced retirement was merely a subsequent effect of an alleged earlier discriminatory action.

Waskiewicz cites Deily v. Waste Management of Allentown, 118 F. Supp. 2d 539 (E.D. Pa. 2000), for the holding that the receipt of a letter of termination serves as the point from which the 300 day EEOC statute of limitations begins to run. Deily, however, presents materially different facts from this case. The plaintiff in Deily contended that he was not aware of his termination until receiving written notification. The Court noted that due to the discovery rule and drawing all inferences in favor of the plaintiff, "for purposes of this motion only, that the last discriminatory act took place when plaintiff

claims he was notified of his termination." Id. at 541.  Here, Waskiewicz was aware of the alleged discriminatory conduct in January of 2008.  Nevertheless, he waited approximately 569 days to file an administrative charge with the EEOC.  Waskiewicz testified that he does not believe that PPL's action was discriminatory when it informed him of his potential termination.  Instead, Waskiewicz's claims are predicated entirely upon PPL's decision to refuse his request for an accommodation in January of 2008.  Waskiewicz was aware of this denial by January 18, 2008, yet waited to file a charge until 269 days past the statutorily imposed deadline.  Accordingly, Waskiewicz's claims for discrimination under the ADA and PHRA are time-barred.

## IV.   CONCLUSION

Based upon the foregoing, Plaintiff's claims for discrimination under the ADA and PHRA are time-barred.  Because the Plaintiff failed to exhaust his administrative remedies, I will grant the Defendant's motion for summary judgment.

An appropriate Order follows.